McCLURE *vs.* STEAMBOAT JAMES DELLETT.

[LIBEL IN ADMIRALTY AGAINST STEAMBOAT.]

1. *Statutory lien on steamboats and vessels.*—The statute giving a lien on steamboats and other vessels, for work done or materials supplied, and for the wages of the officers, laborers, and crew, (Code, § 2692.) makes no distinction between the two classes of creditors.

APPEAL from the City Court of Mobile.

Tried before the Hon. HENRY CHAMBERLAIN.

THE appellant in this case filed a libel against the steamboat *James Dellett*, for wages due him as a carpenter. The boat was seized and sold, under an order of the court, but did not bring enough to satisfy in full all the claims that were filed and allowed against her. Thereupon, the appellant, with the officers and crew of the boat, moved the court to order the payment of their respective claims in full, in preference to the claims of the material-men. The court refused to do this, and directed the proceeds of sale, after the payment of costs, to be divided *pro rata* among all the creditors whose debts had been proved and allowed; and this ruling of the court, to which an exception was reserved, is now assigned as error.

J. L. SMITH, and WILLIAM BOYLES, for appellant.—By the general maritime law, a preference is given to the laborers and crew, over other creditors.—3 Kent's Com. 197 ; Abbott on Shipping, 793, § 2 ; Flanders on Shipping, 325–6 ; 1 Newb. Adm. 183, 216–18 ; 3 Sumner, 57, 308 ; 2 Blatchf. 427 ; Ware's R. 134, 330. This preference was recognized and protected in this State by former legislation, and is continued in force by the Code.—Clay's Digest, 139, § 25 ; Session Acts 1847–8, p. 127; Code, § 2692.

P. HAMILTON, *contra.*

A. J. WALKER, C. J.—Section 2692 of the Code is in

the following words : "A lien is hereby created on all ships, vessels, steamboats, and other registered, enrolled or licensed water-craft, built, repaired, fitted, furnished or victualed within this State, for all debts contracted by the master, owner, or consignees thereof, for work done, or materials supplied, by any person within this State, for or concerning the building, repairing, fitting, furnishing, equipping, supplying, or victualing such ship, vessel, steamboat, or water-craft, and for the wages of the officers, laborers, and crew, *in preference to other debts due and owing from the owners thereof* ; which lien may be asserted in the manner following ." It is obvious that this statute declares a lien in favor of two classes of debts, contracted by the master, owner, or consignees of a vessel. It is contended for the appellant, that the words "in preference to other debts due and owing from the owners thereof," refer to the latter class of debts alone; that all other debts, embracing those described in the former class, are postponed to the latter ; and that, therefore, the creditors in this case who belong to the latter class, have a prior right of satisfaction over the former class. We do not think the structure of the sentence permits such a construction. The "other debts," over which a preference is given, are debts "other" than those mentioned in the section; and the expression, "in preference to other debts due and owing from the owners thereof," has relation to all the debts "contracted by the master, owner, or consignees," and to which a lien is by the section given. The distinction which the statute draws, is between the debts which have a lien, and the other debts of the owner,

We find nothing in the previous legislation upon the subject in this State, which, in our judgment, would justify a different construction of the law.

The provisions found in sections 2696 and 2697 of the Code, for the joinder by the different creditors to whom a lien is given, and for the consolidation of their libels, contribute to support our construction of the statute.

Seamen have a lien, which is recognized at common law,

22

and which is preferred to all other demands.—3 Kent's Com., m. p. 197. It is contended, therefore, that the wages of the crew ought to be preferred to the other debts for which a lien is provided by the statute. We cannot concur in that view of the lien. The liens in this case are all alike derived from the statute, and are . enforced in a summary manner prescribed by the statute. The statute makes no discrimination among them, and we think they were all properly permitted to share *pro rata* in the fund produced by the sale of the vessel.

Affirmed.